UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHESTER ROBERT MURNAHAN,

    Plaintiff,

v.                                      Case No. 6:24-cv-1344-JSS-DCI

HETHER NEWMAN, TED
MARRERO, and ORANGE
COUNTY COURT SENTENCE,

    Defendants.
_____/

**ORDER**

On July 15, 2024, Plaintiff, a prisoner proceeding pro se, filed a civil rights complaint ("Complaint," Dkt. 1) under 42 U.S.C. § 1983.[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the court takes judicial notice of another civil rights action that Plaintiff filed in the United States District Court for the Northern District of Florida, which was opened on June 5, 2024. *See Murnahan v. Orange County Court*, No. 3:24-cv-249-LC-ZCB (N.D. Fla.). In that case, Plaintiff sues this case's

---

[1] Plaintiff did not date the Complaint when he signed it. (*See* Dkt. 1.) In addition, the Complaint does not have a prison stamp indicating the date Plaintiff delivered it to prison officials for mailing. (*See id.*) The mailing envelope, however, reflects that the Complaint was mailed from the prison on July 15, 2024. (*See* Dkt. 1-1 at 2.) The court, therefore, concludes that this is the filing date under the mailbox rule. *See, e.g.*, *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) ("[A] *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.").

Defendants for the same alleged civil rights violations occurring on December 18, 2001.[2] (*Compare* Dkt. 1 at 6, 11–12, *with Murnahan*, No 3:24-cv-00249-LC-ZCB, Dkt. 1 at 7, 17–18).)

"[I]t is well settled that a plaintiff may not file duplicative complaints in order to expand [his] legal rights." *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (quotation marks omitted). This "claim-splitting doctrine" promotes fairness and judicial economy by "ensur[ing] that a plaintiff may not split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails." *Id.* (quotation marks omitted). The doctrine applies where "a plaintiff maintain[s] two separate actions involving the same subject matter, at the same time, . . . against the same defendant[s]." *Rumbough v. Comenity Capital Bank*, 748 F. App'x 253, 255 (11th Cir. 2018) (citing *Vanover*, 857 F.3d at 840–42). In sum, the claim-splitting doctrine prohibits a party "from simultaneously pursuing nearly identical claims against the same parties in different courts." *Klayman v. Porter*, No. 22-13025, 2023 U.S. App. LEXIS 4821, at *10 (11th Cir. Feb. 28, 2023).

---

[2] In both cases, Plaintiff alleges that he was never found competent in his state criminal case (*State v. Murnahan*, No. 99-10926) in Orange County, Florida, and Defendants violated his First, Fourth, Sixth, Eighth, and Fourteenth Amendment rights. (*Compare* Dkt. 1 at 6, *with* Complaint, *Murnahan v. Orange County Court*, No 3:24-cv-249-LC-ZCB (N.D. Fla.), Dkt. 1 at 7.) As relief, Plaintiff seeks the dismissal of the charges in the state court case. (*See* Dkt. 1 at 6; *Murnahan*, No 3:24-cv-00249-LC-ZCB, Dkt. 1 at 7.)

Here, Plaintiff's allegations arise from the same events and challenge the same conduct by the same defendants. Thus, assuming Plaintiff intended to initiate a new civil rights action, he has engaged in improper claim-splitting. Because Plaintiff's first case, in the Northern District of Florida, involves the same claims at issue in this case, this case must be dismissed.

Accordingly:

1. This case is **DISMISSED without prejudice**.

2. Plaintiff may pursue the claims in his earlier case (*Murnahan v. Orange County Court*, No 3:24-cv-249-LC-ZCB, (N.D. Fla.)).

3. The clerk is directed to terminate any pending motions and deadlines and to **CLOSE** this case.

**ORDERED** in Orlando, Florida, on July 24, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties